IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| KENNETH DEAN BERMAN, Reg. No. 82369-208, | § § § § § § § | |
| v. | | EP-17-CV-314-FM |
| UNITED STATES OF AMERICA. | | |

## MEMORANDUM OPINION AND ORDER

Kenneth Dean Berman, a prisoner at the La Tuna Federal Correctional Institution in Anthony, Texas,[1] seeks relief from his sentence through a pleading he identifies as a "Complaint."[2] Berman, proceeding *pro se* and *in forma pauperis*, explains he pleaded guilty to distributing child pornography, in violation of 18 U.S.C. § 2255A(a)(2)(B). Berman now asserts § 2255A(a)(2)(B) is unconstitutional.[3] The Court, after reviewing the record and for reasons discussed below, will construe Berman's "Complaint" as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. The Court, on its own motion, will additionally dismiss Berman's petition, pursuant to 28 U.S.C. § 2243.[4]

## BACKGROUND AND PROCEDURAL HISTORY

On December 29, 2009, Berman knowingly distributed an image of child pornography in interstate commerce via the internet. Berman pleaded guilty, pursuant to a plea agreement, to one count of

---

[1] Anthony is located in El Paso County, Texas, which is within the jurisdictional limits of the Western District of Texas, El Paso Division. 28 U.S.C. § 124(d)(3) (2012).

[2] Compl. 1, ECF No. 1-2.

[3] *Id.*

[4] 28 U.S.C. § 2243 (2012) ("A court ... entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

distributing child pornography, in violation of 18 U.S.C. § 2255A(a)(2)(B), in the United States District Court for the District of Arizona.[5] In the plea agreement, Berman waived "any right to file an appeal, any collateral attack, and any other writ or motion that challenge[d] the conviction ... including but not limited to any appeals under 18 U.S.C. § 3742 and motions under 28 U.S.C. § 2241 and 2255."[6] Berman was sentenced to 90 months' imprisonment followed by a lifetime of supervised release.[7] Berman did not file a direct appeal or § 2255 motion.

In his "Complaint," Berman asserts 18 U.S.C. § 2255A(a)(2)(B) is unconstitutional. He claims it (1) violates his First Amendment free speech protections; (2) exceeds the delegated enumerated powers granted Congress by the Constitution; (3) usurps the police powers of the various states, (4) could not apply to him because, as a resident of the State of Arizona, he did not reside in a territory or insular possession of the United States Government; and (5) does not grant subject-matter jurisdiction to the federal courts. He seeks a declaratory judgment,[8] "which would result in [his] release from prison and all other collateral sanctions and consequences resulting from said conviction."[9]

## APPLICABLE LAW

Federal courts may construe and re-characterize a *pro se* prisoner's action "according to the

---

[5] Findings of the Magistrate Judge, ECF No. 36, *United States v. Berman*, 1:10-CR-843-SRB (D. Az. Sept. 29, 2011). *See Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829 (5th Cir. 1998) ("Rule 201 of the Federal Rules of Evidence provides that a court may take judicial notice of an 'adjudicative fact' if the fact is 'not subject to reasonable dispute in that it is ... capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned.'") (quoting Fed. R. Evid. 201(b)).

[6] Plea Agreement 4, ECF No. 57, *United States v. Berman*, 1:10-CR-843-SRB (D. Az. Sept. 29, 2011).

[7] J. Crim. Case, ECF No. 56, *United States v. Berman*, 1:10-CR-843-SRB (D. Az. Sept. 29, 2011).

[8] Compl. 29.

[9] *Id.* at 2.

essence of the prisoner's claims."[10] "The relief sought by the prisoner or the label he places upon the action is not the governing factor."[11]

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus ... and a [civil rights] complaint."[12] The "sole function" of a habeas petition is relief from unconstitutional custody, and "it cannot be used for any other purpose."[13] Allegations complaining of the rules, customs, and procedures affecting conditions of confinement or treatment of prisoners are properly brought in a civil rights action under 42 U.S.C. § 1983 or *Bivens*.[14] Accordingly, "any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under Section 1983."[15]

A motion to vacate under 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'"[16] Relief under § 2255 is warranted for errors that occurred at trial or sentencing.[17] A

---

[10] *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 n.1 (5th Cir. 1987).

[11] *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983).

[12] *Muhammad v. Close*, 540 U.S. 749, 750 (2004).

[13] *Cook v. Hanberry*, 592 F.2d 248, 249 (5th Cir. 1979) (per curiam).

[14] *See* 42 U.S.C. § 1983 (2012) (creating a private right of action for redressing violations of federal law by state officials acting under color of state law); *Inyo County v. Paiute-Shoshone Indians of the Bishop City.*, 538 U.S. 701, 708 (2003); *Ballad v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005). *See also Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (recognizing a right implied directly under the Constitution to recover damages against a federal official for a violation of a constitutional right); *Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983—the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials.").

[15] *Jackson*, 720 F.2d at 879.

[16] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)).

§ 2255 movant may only bring his motion in the district of conviction and sentence.[18]

By contrast, a petition for writ of habeas corpus under 28 U.S.C. § 2241 "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration."[19] To prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."[20] A § 2241 petitioner may make this attack only in the district court with jurisdiction over his custodian.[21]

Section 2255 contains a "savings clause" which acts as a limited exception to these rules. It provides that a court may entertain a § 2241 petition challenging a sentence if it concludes that filing a § 2255 motion is inadequate to challenge a prisoner's detention.[22] A petitioner must satisfy a two-prong test before he may invoke the "savings clause" to address errors occurring at trial or sentencing in a petition filed pursuant to § 2241:

> [T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been

---

[17] *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997) ("Because all of the errors Ojo alleges [occurred before or during sentencing], they must be addressed in a § 2255 petition, and the only court with jurisdiction to hear that is the court that sentenced him.").

[18] *Pack*, 218 F.3d at 452.

[19] *Id.* at 451.

[20] 28 U.S.C. § 2241(c) (2012).

[21] *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

[22] *See* 28 U.S.C. 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*") (emphasis added).

raised in the petitioner's trial, appeal, or first § 2255 motion.[23]

A petitioner must prove both prongs to successfully invoke the savings clause.[24] Thus, § 2241 is not a mere substitute for § 2255, and a petitioner bears the burden of showing the § 2255 remedy is inadequate or ineffective.[25]

Finally, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."[26]

## ANALYSIS

Berman does not specify the statutory basis for his lawsuit in his *pro se* "Complaint." He explains he pleaded guilty to distributing child pornography, in violation of 18 U.S.C. § 2255A(a)(2)(B), but now asserts § 2255A(a)(2)(B) is unconstitutional.[27] He seeks a declaratory judgment.[28] This, according to Berman, "would result in [his] release from prison and all other collateral sanctions and consequences resulting from said conviction."[29]

Because Berman challenges the fact of his imprisonment, the Court construes his "Complaint" as a

---

[23] *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

[24] *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005).

[25] *Reyes-Requena*, 243 F.3d at 901 (citing *Pack*, 218 F.3d at 452; *Kinder v. Purdy*, 222 F.3d 209, 214 (5th Cir. 2000)).

[26] 28 U.S.C. foll. § 2254 R. 4; *see* R. 1 ("The district court may apply any or all of these rules to a habeas corpus petition ...").

[27] Compl. 1.

[28] *Id.* at 29.

[29] *Id.* at 2.

habeas corpus matter.[30] Since Berman pleaded guilty in the United States District Court for the District of Arizona, the Court lacks the jurisdiction necessary to address a § 2255 motion.[31] The Court does have jurisdiction over his custodian. The Court accordingly construes Berman's pleading as a § 2241 petition.[32]

Berman may proceed with an attack on the validity of his sentence under § 2241 only if he can meet both prongs of the stringent test for the § 2255(e) "savings clause."[33]

The first prong of the "savings clause" test is, essentially, an actual innocence requirement. The "core idea is that the petitioner may be have been imprisoned for conduct which was not prohibited by law."[34] To meet the first prong, a petitioner must rely on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense.[35]

Bergman fails to identify a retroactively applicable Supreme Court decision which supports his claim. Indeed, the Supreme Court has long upheld the constitutionality of laws prohibiting the distribution of child pornography. In *New York v. Ferber*, 458 U.S. 747 (1982), the Supreme Court rejected a First Amendment challenge and upheld a prohibition on the distribution and sale of child pornography because, it explained, these acts were "intrinsically related" to the sexual abuse of children in

---

[30] See *Davis v. Fechtel*, 150 F.3d 486, 487 (5th Cir. 1998) ("[A] court may liberally construe a *pro se* petitioner's pleading and treat it as a habeas corpus petition, where appropriate.").

[31] *Pack*, 218 F.3d at 452.

[32] *Cleto*, 956 F.2d at 84.

[33] *Kinder*, 222 F.3d at 212.

[34] *Reyes-Requena*, 243 F.3d at 903.

[35] *Id.* at 904.

at least two ways.[36]  First, circulating child pornography continued to harm the child who participated in the abuse.[37]  Second, trafficking in child pornography provided an economic motive for producing more child pornography and sexually exploiting children.[38]  Under either rationale, the distribution had a proximate link to the crime of child sexual abuse.  Thus, the Supreme Court concluded, the State had an interest in closing the distribution network.

The second prong of the "savings clause" test is a foreclosure requirement.  The petitioner must show his claims were foreclosed by circuit law when he could have raised them at trial, on appeal, or in a § 2255 motion.  In this case, Berman's claim was foreclosed when he could have raised it in a direct appeal or § 2255 motion.  Furthermore, Berman's claim remains foreclosed by Supreme Court precedent.

Since Berman's claim does not meet the stringent requirements of the savings clause, the Court will not allow him to proceed pursuant to § 2241.

## CONCLUSION AND ORDERS

As explained above, the Court construes Berman's *pro se* "Complaint" as a petition for a writ of habeas corpus under § 2241.  The Court concludes, however, that the "savings clause" in § 2255 does not provide authority for the Court to address Berman's pleading as a § 2241 petition.  The Court will, therefore, dismiss his § 2241 petition as frivolous.  To the extent his petition may be construed as a § 2255 motion, the Court will dismiss it for lack of jurisdiction.[39]  The Court accordingly enters the following orders:

---

[36] 458 U.S. at 759.

[37] *Id.* at 759 and n.10.

[38] *Id.* at 760.

[39] *Ojo*, 106 F.3d at 683.

IT IS ORDERED that Kenneth Dean Berman's *pro se* "Complaint" is construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and **DISMISSED WITHOUT PREJUDICE.**

IT IS FURTHER ORDERED that all pending motions in this cause, if any, are **DENIED AS MOOT.**

IT IS ALSO ORDERED that to the extent Kenneth Dean Berman's "Complaint" may be construed as a successive § 2255 motion, he is denied a **CERTIFICATE OF APPEALABILITY.**[40]

IT IS FINALLY ORDERED that the Clerk shall **CLOSE** this case.

**SO ORDERED.**

SIGNED this ___7___ day of November, 2017.

_____
FRANK MONTALVO
UNITED STATES DISTRICT JUDGE

---

[40] *See* 28 U.S.C. foll. § 2255 R. 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").